UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>RADU TRAIAN TOMESCU,<br><br>　　　　Defendant. | Case No: CR 02-40082 SBA<br><br>**ORDER**<br><br>**Dkt. 314** |

On June 2, 2011, Defendant Radu Traian Tomescu ("Defendant") filed a pro se request that this Court expunge the charges in this case from his record. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Defendant's motion for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument.

I.     **BACKGROUND**

On April 10, 2002, a grand jury charged Defendant with three counts of aiding and abetting the structuring of transactions to evade reporting requirements and one count of conspiracy. Dkt. 1. These charges were a part of a twenty-count Indictment, which also included charges against five other defendants. Id. Pursuant to a plea agreement, Defendant pleaded guilty to Count Seventeen of the Indictment—Structuring Transactions for the Purpose of Evading a Reporting Requirement, in violation of 31 U.S.C. § 5324(a)(3) and (c)(2). Dkt. 32. On November 21, 2003, the Court sentenced Defendant to ten months of imprisonment and one year of supervised release. Dkt. 164, 167. The Court also ordered Defendant to pay a $100 special assessment and a $30,000 fine, as well as imposed restitution in the amount of $230,000. Id. Defendant completed his sentence, paying restitution in the amount of $230,000 on November 8, 2005. Dkt. 307.

On June 2, 2011, Defendant filed the instant motion requesting that the Court expunge his criminal record. The entirety of Defendant's motion consists of the following statement: "I respectfully inquire whether the Court would consider expunging my record pertaining to case 4:02-cr-40082-258 SBA, as all of the legal requirements seem to have been met for such expungement." Dkt. 314. On June 29, 2011, the Court issued an order setting a hearing on Defendant's motion for September 20, 2011 and setting a briefing schedule for the Government to file its opposition by no later than July 27, 2011 and Defendant to file his reply by no later than August 26, 2011. Dkt. 315. The Government filed its opposition, Dkt. 318, but Defendant has elected not to file a reply.

## II.  DISCUSSION

The Ninth Circuit has set out the various methods available to district courts to expunge a defendant's record as follows:

> A district court has the power to expunge a criminal record under the Civil Rights Act, the habeas corpus statutes, the statutory preservation under the All Writs Act of a district court's authority to issue a writ of error *coram nobis* to correct an unlawful conviction, or the Constitution itself. Congress has also enacted statutes that expressly authorize a district court to order expungement or to correct an inaccurate government record, and it has provided federal courts with limited jurisdiction to grant a new trial, to correct a sentence, or to reduce a sentence to reflect the assistance that a defendant has given the Government.

United States v. Sumner, 226 F.3d 1005, 1012 (9th Cir. 2000) (footnotes and citations omitted). Ancillary jurisdiction to expunge a criminal record is limited to expunging records of unlawful arrests or convictions, or to correct clerical errors. Sumner, 226 F.3d at 1014. District courts are not permitted to expunge a defendant's criminal record on purely equitable grounds. Id. at 1015.

Defendant establishes no basis upon which this Court may expunge his record. He does not proceed under one of the methods set forth by the Ninth Circuit in Sumner, and he does not argue that his arrest or conviction was unlawful or involves any clerical errors. Because Defendant has failed to establish any ground upon which this Court could rely to expunge his record, the Court DENIES his motion.

### III. CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED THAT:

1. Defendant's motion to expunge his criminal record is DENIED. Dkt. 314.

2. The September 20, 2011 hearing on Defendant's motion is VACATED and no appearance is required.

3. This Order terminates Docket 314.

IT IS SO ORDERED.

Dated: September 12, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

USA,

|   |   |
|---|---|
| 1 |  |
| 2 | Plaintiff, |
| 3 | v. |
| 4 | CHAUDHRY et al, |
| 5 | Defendant. _____/ |

Case Number: CR02-40082 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 13, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

**Radu Traian Tomescu** (2)
c/o Marshall Fleitman
2206 32nd Avenue
San Francisco, CA 94116-1625


Dated: September 13, 2011
                            Richard W. Wieking, Clerk
                            **By: LISA R CLARK, Deputy Clerk**